UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| PABLO SANCHEZ, ) | CASE NO. 1:12 CV 2344 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| UNITED STATES POSTAL SERVICE, ) | AND ORDER |
| ) | |
| Defendant. ) | |

**INTRODUCTION**

Plaintiff *pro se* Pablo Sanchez filed the above-captioned action against the United States Postal Service ("the USPS"). He alleges the USPS discriminated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e and committed acts of fraud in violation of "United States Code Chapter 47." He is seeking $300,000 in compensatory damages and $900,000 in punitive damages. For the following reasons, the Complaint is DISMISSED.

**BACKGROUND**

Plaintiff is employed as a letter carrier for the USPS. His six count Complaint alleges two counts of harassment and employment discrimination, and four counts of "fraud and false statements." The exhibits attached to Plaintiff's Complaint appear to provide some factual

background to his claims.

In February 2009, Plaintiff prepared a memorandum complaining that his supervisor harassed him while Plaintiff was completing his mail route.  The USPS issued a statement dated March 5, 2009, apologizing to Plaintiff "for making him feel that he was being harassed."  On April 20, 2009, a Letter of Warning was addressed to Plaintiff from his supervisor entitled, "Unsatisfactory Work Performance: Expansion of Street Time." The warning explained that Plaintiff made daily requests for additional time to complete his route, and that Plaintiff was expanding his street time without authorization.  In a letter dated July 9, 2009, a psychiatrist stated that Plaintiff was under his "care for treatment of psychiatric symptoms which has [sic] been significantly causing stress." It was recommended that Plaintiff take a four week leave of absence while undergoing psychiatric treatment.

Plaintiff asserts the Defendant harassed him in violation of Title VII and engaged in fraud by altering reports regarding his work performance in violation of United States Code Chapter 47.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a "district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that

federal question jurisdiction is divested by obviously frivolous and unsubstantial claims).

## DISCUSSION

Title VII provides, in part, that "[a]ll personnel actions affecting employees . . . in the United States Postal Service and the Postal Regulatory Commission . . . shall be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a). Although Plaintiff alleges the USPS violated Title VII by harassing and discriminating against him, he does not allege discrimination based on any of the protected classes enumerated under Title VII. To simply assert employer harassment under Title VII does not create a cause of action.

Plaintiff asserts the Defendant engaged in fraud in violation of "Chapter 47 of the United States Code." But, United States Code Title 47 is restricted to laws related to *Telegraphs, Telephones, and Radiotelegraphs,* and is not applicable to Plaintiff's fraud claims.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion to Proceed *In Forma Pauperis* is granted. The Complaint is dismissed for failing to state a claim for federal relief. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 10/11/12

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.